# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

KEITH BERNARD SCRUGGS,

    Plaintiff,

VS.

                              7 : 09-CV-82 (HL)

DETECTIVE ALAN GIRSCH,

    Defendant.

## RECOMMENDATION

The Plaintiff filed this action on June 30, 2009, challenging his arrest on March 11, 2009 on drug-related charges and seeking damages for false imprisonment. (Doc. 2). Presently pending herein is the Defendant's Motion for Summary Judgment. (Doc. 15). The Court notified Plaintiff of the filing of the Defendant's Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Doc. 18). Plaintiff has not filed a response to Defendant's Motion for Summary Judgment, and the Plaintiff's service copy of the Court's notification Order has been returned to the Clerk as undeliverable. (Doc. 19).

### *Background*

In his Complaint, the Plaintiff asserts that on March 11, 2009, Defendant Girsch, a detective with the Valdosta Police Department, "illegally utilized confidential informants during the investigation surrounding my pending charges", relying on allegedly false information from confidential informants to entrap and arrest Plaintiff. (Doc. 2, p. 4). According to the affidavit testimony of Defendant Girsch and Defendant Girsch's Detective Report, a covert drug operation on March 11, 2009 resulted in the arrest of the Plaintiff on March 18, 2009, based on an arrest warrant issued by a judge of the Lowndes County Magistrate Court. (Doc. 17-2).

*Standard of Review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

The party moving for summary judgment has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed.R.Civ.P. 56(e)(3).

*Discussion*

In his Motion for Summary Judgment, Defendant Girsch contends that Plaintiff's allegations do not establish a constitutional violation, inasmuch as Plaintiff's arrest was based on probable cause. Defendant Girsch, by means of his affidavit testimony and Detective Report,

2

establishes that he conducted a covert drug operation on March 11, 2009 in Valdosta, Georgia, and observed an individual later identified as the Plaintiff selling crack cocaine to a confidential informant. Following the sale, which was recorded using audio and video equipment, Defendant Girsch positively identified the Plaintiff as the individual who had sold the crack, based on verbal and photographic verification. Specifically, Defendant Girsch again observed the Plaintiff at the location of the drug sale the next day, at which time Plaintiff provided Girsch with his name and birth date. Girsch also identified the Plaintiff based on photographs, wherein he identified the Plaintiff as the suspect in the March 11, 2009 drug sale by physical appearance and a tattoo on his right forearm. Defendant Girsch's field test of the substance sold by the Plaintiff to the confidential informant showed that the substance was crack cocaine. Judge Elizabeth Cleveland of the Lowndes County Magistrate Court signed a warrant application against the Plaintiff on March 18, 2009 and the Plaintiff was arrested based on this warrant. Based on the events of March 11, 2009, Plaintiff was indicted by the Lowndes County Grand Jury for the sale of cocaine on July 31, 2009. (Doc. 17-2, Detective Report).

The existence of probable cause at the time of arrest absolutely bars a § 1983 claim for false arrest and false imprisonment under the Fourth Amendment. *Case v. Eslinger*, 555 F.3d 1317, 1326-27 (11th Cir. 2009); *Williams v. Williamson*, 2009 WL 2982835 at *7 (M.D.Ga.)(CAR). "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992). This knowledge "may be garnered from an informant's allegations and corroborating evidence." *Atterbury v. City of Miami Police Dep't.*, 322 Fed.Appx. 724, 727 (11th Cir. 2009).

Viewing all facts and reasonable inferences therefrom in the light most favorable to the Plaintiff, and based on the unrefuted testimony and evidence presented by Defendant Girsch, it is

3

clear that Defendant Girsch's arrest of the Plaintiff was based on actual probable cause.  At the time of Plaintiff's arrest, Defendant Girsch had knowledge that the Plaintiff had sold a substance positively identified as crack cocaine to a confidential informant.  Plaintiff revealed his name to Detective Girsch after Girsch recognized the Plaintiff from the video of the subject drug deal.  Further identification was made by way of a tattoo on the Plaintiff's arm depicted in a photograph of the Plaintiff and depicted in the drug deal video.  This evidence provided probable cause to believe that the Plaintiff had sold the drugs at issue and his arrest was therefore founded on probable cause.  *Atterbury*, 322 Fed.Appx. at 728 (detective's knowledge of crime and identification of defendant as perpetrator established actual probable cause for arrest); *Williams v. Williamson*, 2009 WL 2982835 at *6 (M.D.Ga.)(CAR) (evidence known to agent, including observation of marijuana plants in close proximity to residence and verification of suspects' identities, established actual probable cause for arrest).  "[T]he existence of probable cause [to arrest Plaintiff] also defeats Plaintiff's false imprisonment . . . claim[]." *Id*. at *7, citing *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996) (absence of probable cause is a required element of a section 1983 false imprisonment claim).

Inasmuch as Defendant Girsch's arrest of the Plaintiff was supported by probable cause, the Plaintiff has failed to establish that Defendant Girsch violated Plaintiff's constitutional right to be free from unlawful arrest and detention.  Accordingly, it is the recommendation of the undersigned that Defendant Girsch's Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 12th day of July, 2011.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE